DEBORAH M. SMITH
Acting United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3376
Fax: (907) 271-3224
daniel.cooper@usdoj.gov
Alaska Bar No. 8211109

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **VERIFIED COMPLAINT FOR** |
| | ) | **FORFEITURE** |
| v. | ) | |
| | ) | |
| ONE LIGHT BLUE 2001 CADILLAC | ) | |
| DEVILLE, VIN | ) | |
| 1G6KD54Y41U149440, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW Plaintiff United States of America, by and through counsel, and respectfully states as follows:

I.

This is a civil action <u>in rem</u> brought to forfeit and condemn to the use and benefit of the United States of America the following property: ONE LIGHT BLUE 2001 CADILLAC DEVILLE, VIN 1G6KD54Y41U149440 ("Defendant Vehicle"), which vehicle is used, or

intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, for violations of 21 U.S.C. §§ 841, et seq., and is therefore subject to civil forfeiture pursuant to 21 U.S.C. § 881(a)(4), and which constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. § 841, and proceeds traceable to such an exchange, and is therefore subject to civil forfeiture pursuant to 21 U.S.C. § 881(a)(6).

II.

This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881(a)(4) and 21 U.S.C. § 881(a)(6). This is a forfeiture proceeding based upon violations of 21 U.S.C. §§ 841 and 881.

III.

The Defendant Vehicle was seized from Byron Williams on August 13, 2005 pursuant to his arrest at the Ted Stevens Anchorage International Airport, in the arrival area traffic lanes. The Defendant Vehicle is now in the custody of the United States Marshals Service.

IV.

On or about August 12, 2005, Byron Williams and Kelvin Washington arranged for Latonya Stuckey to transport approximately 500 grams of cocaine on her person via Alaska Airlines Flight 197 from Seattle to Anchorage. Williams and Washington paid for Stuckey's airline ticket and provided her with travel money. On or about August 12, 2005, in Washington state, Williams gave Stuckey approximately 500 grams of cocaine to transport

via Alaska Airlines Flight 197 from Seattle to Anchorage. Williams then proceeded to Anchorage via a separate airline flight ahead of Stuckey on August 12, and Stuckey arrived in Anchorage late on August 12, 2005.

On August 13, 2005, during the early morning hours, Williams and Washington arrived at the Anchorage International Airport to meet Stuckey and to receive and continue transporting the cocaine that Stuckey transported on Alaska Airlines Flight 197.

On August 13, 2005, Stuckey was observed by Drug Enforcement Administration (DEA) and Anchorage Police Department (APD) officers at the Anchorage International Airport as she exited Alaska Airlines Flight 197. Stuckey displayed numerous characteristics and behaviors consistent with her being a drug transportation courier. When DEA and APD officers attempted to contact Stuckey, she ran to the Defendant Vehicle, which was being driven by Williams, and shouted a warning to him. Stuckey briefly struggled with an APD officer who felt a hard object concealed under her clothing. Stuckey then voluntarily admitted that she was transporting drugs. Approximately 500 grams of suspected cocaine HCL was seized from the person of Stuckey pursuant to her arrest. Williams was initially detained because he had a revoked Alaska Driver's License.

DEA seized the Defendant Vehicle from Williams on August 13, 2005 pursuant to his arrest for conspiracy to distribute cocaine. In an inventory search of the Defendant Vehicle on August 13, 2005, officers found a small amount of suspected cocaine residue in the trunk. This substance field tested positive for the presence of cocaine.

On August 16, 2005, the Federal Grand Jury returned an Indictment against Williams and Stuckey for drug conspiracy. On October 18, 2005, the Federal Grand Jury returned a First Superseding Indictment against Williams, Stuckey, and Washington for drug conspiracy and maintaining a premises for the purpose of manufacturing, using, and distributing cocaine. Case No. 3:05-cr-076-RRB.

V.

DEA sent timely notice of the seizure and forfeiture proceedings concerning the Defendant Vehicle to Williams on September 9, 2005. DEA also sent timely notice of the seizure and forfeiture proceedings concerning the Defendant Vehicle to Wynona Harrell on October 14, 2005.

VI.

On October 12, 2005, DEA received a claim of ownership of the Defendant Vehicle filed by Williams via his counsel, John W. Abbott. Attached Exhibit 1. In a letter dated October 25, 2005, DEA informed Williams that his claim was not made under oath, subject to penalty of perjury, and allowed him 20 days to cure the deficiency. Attached Exhibit 2. On November 22, 2005, DEA received a cured claim of ownership filed by Williams via his counsel. Attached Exhibit 3.

VII.

On November 10, 2006, DEA received a letter from Ms. Harrell in response to the notice of seizure that she received from DEA. Attached Exhibit 4. On November 16, 2005,

DEA received a claim of ownership of the Defendant Vehicle filed by Ms. Harrell via her counsel, Richard J. Troberman, P.S. Attached Exhibit 5.

VIII.

The Defendant Vehicle constitutes a vehicle used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, for violations of Title 21, United States Code, Sections 841, et seq., and is therefore subject to civil forfeiture pursuant to 21 U.S.C. § 881(a)(4), and constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. § 841, and proceeds traceable to such an exchange, and is therefore subject to civil forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, Plaintiff United States of America prays that:

1. A Warrant In Rem issue for the arrest of the Defendant, ONE LIGHT BLUE 2001 CADILLAC DEVILLE, VIN 1G6KD54Y41U149440;

2. That due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

3. That judgment be entered declaring the Defendant, ONE LIGHT BLUE 2001 CADILLAC DEVILLE, VIN 1G6KD54Y41U149440, forfeited to the United States of America for disposition according to law; and

4. That the United States of America be granted such other relief as this Court

may deem just and proper, together with the costs and disbursements of this action.

DATED this 7th day of February, 2006 in Anchorage, Alaska.

                                        DEBORAH M. SMITH
                                        Acting United States Attorney

                                        s/Daniel R. Cooper, Jr.
                                        Assistant U.S. Attorney
                                        222 W. 7th Avenue, #9, Room 253
                                        Anchorage, AK 99513-7567
                                        Phone: (907) 271-3376
                                        Fax: (907) 271-3224
                                        Email: daniel.cooper@usdoj.gov
                                        Alaska Bar No. 8211109

## VERIFICATION

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibits thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 7th day of February, 2006 in Anchorage, Alaska.

_____
Daniel R. Cooper, Jr.
Assistant U.S. Attorney

SUBSCRIBED AND SWORN to before me on this 7th day of February, 2006 in Anchorage, Alaska.

_____
NOTARY PUBLIC, State of Alaska
My commission expires 10/26/2007

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2006, a true and correct copy of the foregoing VERIFIED COMPLAINT FOR FORFEITURE was served via Certified U.S. Mail, Return Receipt Requested, on:

Richard J. Troberman, P.S.  (Counsel for Claimant Wynona Harrell)
520 Pike Street, Suite 2510
Seattle, WA 98101-4006

John W. Abbott  (Counsel for Claimant Byron Williams)
P.O. Box 112306
Anchorage, AK 99511-2306

_____
U.S. Attorney's Office

7